## CURTISS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6388.

Circuit Court of Appeals, Fifth Circuit.

April 13, 1932.

P. Robert G. Sjostrom, of Miami, Fla., and Wm. S. Hammers, of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., John MacC. Hudson and Sewall Key, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

Each of the two petitioners sought a redetermination by the Board of Tax Appeals of a deficiency assessed by the respondent, the Commissioner of Internal Revenue, as a result of his disallowance of the amount claimed in an income tax return for the calendar year 1924 as a deduction for an alleged loss resulting from a sale of certificates of beneficial interests of the Curtiss Assets Company, which certificates constituted part of what, in the reorganization of the Curtiss Aeroplane & Motor Corporation, was received in exchange for shares of preferred stock of the last-named corporation which were bought in the year 1915 by, respectively, Glenn H. Curtiss and his wife, Lena P. Curtiss. The two proceedings were consolidated for hearing and decision by the Board of Tax Appeals. That tribunal allowed as deductions only part of the amounts claimed by the petitioners.

In the year 1923 the Curtiss Aeroplane & Motor Corporation was reorganized, two new corporations, the Curtiss Aeroplane & Motor Company, Inc., and the Curtiss Assets Company, being formed to take over its assets. Under the plan of reorganization some of the assets of the old corporation were to be transferred to the Curtiss

Aeroplane & Motor Company, Inc., which was to assume the liabilities of the old corporation and to take over and continue the business in which the latter had been engaged, and the remaining assets of the old corporation, being such as were intended to be sold for the purpose of distributing the proceeds, not in excess of a specified limit, to stockholders, were to be transferred to the Curtiss Assets Company, which was not to engage in any business, the sole purpose of its creation being to liquidate the assets transferred to it and to distribute the proceeds to the holders of its certificates, such holders being entitled to share in all distributions up to, but not exceeding, the par value of those certificates. Under the plan of reorganization, holders of the preferred stock of the old corporation, which had a par value of $100 a share, were to receive for each share half a certificate of beneficial interest of the Curtiss Assets Company, each certificate having a par value of $100, and half a share of the preferred stock of the Curtiss Aeroplane & Motor Company, Inc., each share having a par value of $100. Pursuant to the plan of reorganization, Glenn P. Curtiss, for the 1,626 shares of the preferred stock of the old corporation, which had cost him $106,585.86, received 813 shares of the preferred stock of the Curtiss Aeroplane & Motor Company, Inc., and 813 certificates of beneficial interest of the Curtiss Assets Company; and Lena P. Curtiss, for the 1,752 shares of the preferred stock of the old corporation, which had cost her $131,366.00, received 876 shares of the preferred stock of the Curtiss Aeroplane & Motor Company, Inc., and 876 certificates of beneficial interest of the Curtiss Assets Company. The findings of fact include the following:

"The opening balance sheet of the Curtiss Aeroplane and Motor Company (the new company) as of July 1, 1923, shows:

| | |
|---|---|
| Assets of | $5,086,079.85 |
| Liabilities of | 1,476,016.89 |
| Net | $3,610,062.96 |
| Common stock | $1,086,912.96 |
| Preferred stock | 2,523,150.00 |
| Total Common and Preferred Stock | $3,610,062.96 |

"The opening balance sheet of the new Curtiss Assets Company as of July 1, 1923, shows:

| | |
|---|---|
| Assets of | $2,524,150.00 |
| Less set aside for common stock | 1,000.00 |
| Net asset value of certificates of beneficial interest of new corporation | $2,523,150.00 |

\* \* \* \* \* \*

"The cost of each of the two new blocks of stock received by the petitioners was set up on the petitioners' books at exactly one-half of the cost of the original stock, so that the cost of Glenn H. Curtiss' 813 shares of preferred stock in the Curtiss Aeroplane and Motor Company, Inc., was set up at $53,274.43, and the cost of his 813 certificates of beneficial interest in the Curtiss Assets Company was set up at $53,274.43. The cost of Lena P. Curtiss' 876 shares of preferred stock in the Curtiss Aeroplane and Motor Company, Inc., was set up at $65,683 and the cost of her 876 certificates of beneficial interest in the Curtiss Assets Company was set at $65,683.

"During the year 1924 Glenn H. Curtiss sold 813 certificates of beneficial interest of the Curtiss Assets Company for $16,240 and Lena P. Curtiss sold 377 certificates of beneficial interest of the Curtiss Assets Company for $7,540.

"The certificates of beneficial interest of the Curtiss Assets Company were first quoted on the New York Curb Exchange during the week of April 25, 1924 at $20 per certificate, and the preferred stock of the Curtiss Aeroplane and Motor Company, Inc., was first quoted on the New York Stock Exchange during the week ending February 15, 1924, at $70 per share. No part of the shares of the preferred stock of the Curtiss Aeroplane and Motor Company, Inc., received upon the reorganization was disposed of by petitioners during the year 1924."

The basis adopted by the Board of Tax Appeals in determining the loss sustained from the sales of certificates of beneficial interest of the Curtiss Assets Company was arrived at by apportioning the cost of the exchanged securities to the securities received in the exchange according to what the Board found to have been the respective market values of the two last-mentioned securities at the time of the exchange.

No question was raised as to there being a taxable gain or loss by reason of the exchanges of preferred stock of the Curtiss Aeroplane & Motor Corporation for preferred stock of the Curtiss Aeroplane & Motor Company, Inc., and certificates of beneficial interest of the Curtiss Assets Company, it being conceded that those transactions were governed by the provision of section 202 (c) (2) of the Revenue Act of 1921 (42 Stat. 227, 230) that "no gain or loss shall be recognized—* * * (2) When in the reorganization of one or more corporations a person receives in place of any

stock or securities owned by him, stock or securities in a corporation a party to or resulting from such reorganization." The statutory provisions relied on for support of the contention in behalf of the petitioners that the basis for determining the gain or loss from the above mentioned sales of certificates of beneficial interest of the Curtiss Assets Company was one-half of the amounts paid by the petitioners, respectively, for the preferred stock of the Curtiss Aeroplane & Motor Company which was exchanged in the reorganization, were the following:

"Where property is exchanged for other property and no gain or loss is recognized under the provisions of subdivision (c), the property received shall, for the purposes of this section, be treated as taking the place of the property exchanged therefor, except as provided in subdivision (e)." Revenue Act of 1921, § 202 (d) (1), 42 Stat. 227, 230.

"If the property was acquired upon an exchange described in subdivision (b), (d), (e), or (f) of section 203, the basis shall be the same as in the case of the property exchanged," etc. Revenue Act of 1924, § 204 (a) (6), 43 Stat. 258 (26 USCA § 935 (a) (6).

The property which, under the above set out provisions, is required, in the case of one who received in a corporate reorganization in place of stock or securities owned by him stock or securities in a corporation a party to or resulting from such reorganization, to be treated as taking the place of the property exchanged, and is to be given the same basis for determining gain or loss from the sale or other disposition thereof as would have been given to the property exchanged if the latter had been sold, is the property received in the exchange. If what had been sold by the taxpayers had been all the securities received by them in place of the preferred stock in the old corporation which had been owned by them—both the preferred stock in the Curtiss Aeroplane & Motor Company, Inc., and the certificates of beneficial interest of the Curtiss Assets Company—under the quoted statutory provisions, the basis for determining gain or loss from the sale would have been the cost of the exchanged preferred stock of the Curtiss Aeroplane & Motor Corporation. But what was sold was only certificates of beneficial interest of the Curtiss Assets Company. Those certificates represented interests in the property of only one of the two

corporations whose securities were received in the exchanges. There was no evidence having a substantial tendency to prove that the property of the old corporation which was transferred to the Curtiss Assets Company was equal in value to the property of the old corporation which was transferred to the Curtiss Aeroplane & Motor Company, Inc., or that one of those certificates of beneficial interest was worth as much as a share of the preferred stock of the Curtiss Aeroplane & Motor Company, Inc. That, unit for unit, shares of the preferred stock of the Curtiss Aeroplane & Motor Company, Inc., were worth substantially more than certificates of beneficial interest of the Curtiss Assets Company, is indicated by the circumstances that the last-mentioned preferred stock represented a preferential interest in net assets having a book value of $3,610,-062.96 and in a going business, while the net assets represented by said certificates of beneficial interest had a book value of $2,-523,150, and that not long after the exchange the former sold in the open market at $70 a share and the latter sold at $20 a certificate. The evidence of the inequality in values of the securities of two different corporations received in the exchange properly may have been accorded controlling influence in preference to the circumstances of very doubtful probative value that the two securities had the same par values, and that book entries made by the taxpayers indicated that the different properties interests in which those securities, respectively, represented, had identically the same values. Williams v. Commissioner of Internal Revenue (C. C. A.) 44 F.(2d) 467, 470. Though the statute contains no specific provision with reference to a part of the cost of the property exchanged in a corporate reorganization being the basis for determining gain or loss in a sale of part of the securities received in such exchange, the language of the statute is consistent with the existence of an intention that, in the case of such a sale, a part of the cost of the exchanged securities might be apportioned to the part of the securities received which are the subject of such sale, if it is reasonably practicable to make such apportionment, and that the amount so apportioned would be the basis for determining gain or loss from such sale. That the officials charged with the administration of the statute interpreted it as permitting the making of such an apportionment is indicated by the adoption, in the exercise of the authority conferred to make all needful rules and regulations for the en-

forcement of the provisions of the act (Revenue Act 1921, § 1303 [26 USCA § 1245]), of a Treasury Regulation containing the following: "Art. 1567. Gain or loss from subsequent sale.—(a) Where property is exchanged for other property and no gain or loss is recognized * * *, the property received shall, for the purpose of determining gain or loss from its subsequent sale, be treated as taking the place of the property exchanged therefore. * * * If property is exchanged for two kinds of property and no gain or loss is recognized * * * the cost of the original property should be apportioned, if possible, between the two kinds of property received in exchange for the purpose of determining gain or loss upon subsequent sale. If no fair apportionment is practicable, no profit on any subsequent sale of any part of the property received in exchange is realized until out of the proceeds of sale shall have been recovered the entire cost of the original property. When securities of a single class are exchanged for new securities of different classes so that no gain or loss is realized * * * for the purpose of determining gain or loss on the subsequent sale of any of the new securities the proportion of the original cost, or other basis, to be allocated to each class of new securities is that proportion which the market value of the particular class bears to the market value of all securities received on the date of the exchange. For example, if 100 shares of common stock, par value $100, are exchanged for 50 shares of preferred and 50 shares of common, each of $100 par value, and the cost of the old stock was $250 per share, or $25,000, but the market value of the preferred on the date of the exchange was $110 per share, or $5,500 for the 50 shares, and the market value of the common was $440 per share, or $22,000 for the 50 shares of common, one-fifth of the original cost, or $5,000, would be regarded as the cost of the preferred and four-fifths, or $20,000, as the cost of common." Treasury Regulations 62, art. 1567.

Such a regulation, constituting contemporary construction by those charged with the administration of the statute, is entitled to respectful consideration, and is not to be overruled, except for weighty reasons. Educational Films Corp. v. Ward, 282 U. S. 379, 51 S. Ct. 170, 75 L. Ed. 400. The new securities received in the above-mentioned exchanges were of different classes or kinds, being issues of two different corporations having separate and dissimilar assets, those securities representing different kinds of interests in different groups of properties apparently having substantially different values. Circumstances disclosed indicated that substantially less of the cost of the exchanged securities was reasonably attributable to the assets transferred to the Curtiss Assets Company than to the assets transferred to the Curtiss Aeroplane & Motor Company, Inc. The fact that the two kinds of new securities were sold in the market a few months after the exchanges at above-mentioned prices was evidence of their respective values at the time of the exchanges. Andrews v. Commissioner (C. C. A.) 38 F.(2d) 55. The question of the market values of the new securities was one of fact, and the finding of the Board in that regard, being supported by evidence, is conclusive. Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289. Nothing contained in the record indicates that the action of the Board of Tax Appeals in apportioning, for the purpose of ascertaining the basis for determining gain or loss from the above-mentioned sales of certificates of beneficial interest, the cost of the preferred stock, which was exchanged between the different kinds of securities received in the exchanges, was unfair or prejudicial to the rights of the petitioners. We conclude that that action was not erroneous.

The petition is denied.